**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Debra J. Jacobson,                              Civil No. 06-4380 (JNE/SRN)

       Plaintiff,

       v.                                      <u>**REPORT AND RECOMMENDATION**</u>

Gillette Children's Specialty Healthcare,

       Defendant.

_____

     Plaintiff Debra J. Jacobson, pro se

     Marnie E. Polhamus, Felhaber, Larson, Fenlon & Vogt, PA, 220 South 6th Street, Suite 2200, Minneapolis, Minnesota 55402, for Defendant Gillette Children's Specialty Healthcare

_____

SUSAN RICHARD NELSON, United States Magistrate Judge

     The above-captioned case comes before the Court on Defendant's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Doc. No. 12) and Plaintiff's Request for Withdrawal of Civil Action (Doc. No. 22). This matter was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and District of Minnesota Local Rule 72.1. For the reasons set forth below, the Court recommends that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(a)(1)(i) and that Defendant's motion be denied as moot.

## I.     BACKGROUND

     Plaintiff Debra J. Jacobson filed suit in federal court on November 1, 2006, and filed an Amended Complaint on February 23, 2007. Defendant Gillette Children's Specialty Healthcare

responded by filing a motion to dismiss or for a more definite statement, which this Court heard on June 1, 2007. Plaintiff neither responded to the motion nor appeared at the hearing, but she subsequently contacted this Court's chambers to ask permission to file a letter with the Court. Plaintiff filed the letter on July 10, 2007, as well as a separate request to "withdraw" her case.

## II.     DISCUSSION

Federal Rule of Civil Procedure 41 permits a plaintiff to voluntarily dismiss his or her case "without order of court . . . by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs . . . ." Fed. R. Civ. P. 41(a)(1)(i). Given Plaintiff's pro se status, the Court finds it appropriate to construe her request for withdrawal as a notice of voluntary dismissal. Defendant has not served an answer or filed a motion for summary judgment, and thus, Plaintiff is entitled to voluntarily dismiss her case.

Defendant may object to this recommended disposition on the ground that it filed materials outside the pleadings in support of its motion to dismiss, which if considered by the Court would convert the motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 12(b). However, the Court has excluded the extraneous materials from consideration, and the motion therefore has not been converted. See id. In addition, before conversion is permitted under Rule 12(b), all parties must have a reasonable opportunity to present all materials relevant to a summary judgment motion brought pursuant to Federal Rule of Civil Procedure 56. Id. Plaintiff was not afforded that opportunity. Although Plaintiff received a copy of the motion papers, she could not have foreseen that the Court might convert the motion. Defendant's motion to dismiss therefore remains a motion to dismiss.

Finally, even if the motion to dismiss had been converted to one for summary judgment, the Court would recommend voluntary dismissal under Rule 41(a)(2), which permits a court to grant a plaintiff's request for voluntary dismissal "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).  Plaintiff has explained that she is in declining health and unable to retain counsel, and she does not wish to proceed any further with her case.  In addition, the Court finds that dismissal at this procedural stage would not waste judicial resources.  These are proper conditions under which to allow voluntary dismissal under Rule 41(a)(2).  See Hamm v. Rhone-Poulenc Rorer Pharms., Inc., 187 F.3d 941, 950 (8th Cir. 1999) (citations omitted) (listing factors relevant to determining a plaintiff's request to voluntarily dismiss via court order).

## III.    RECOMMENDATION

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED that:**

1.    The Clerk's Office be directed to terminate this case as voluntarily dismissed under Rule 41(a)(1)(i), in accordance with Plaintiff's notice (Doc. No. 22); and

2.    Defendant's Motion to Dismiss, or Alternatively, Motion for a More Definite Statement (Doc. No. 12) be **DENIED AS MOOT**.

Dated:  July 17, 2007

 s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by August 1, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.  A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.